**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4744**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NAEEM LATEEF ODUMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:17-cr-00046-AWA-LRL-1)

Submitted: September 6, 2018                    Decided: September 17, 2018

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Maureen Leigh White, Richmond, Virginia, for Appellant. V. Kathleen Dougherty, Melissa Elaine O'Boyle, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Naeem Lateef Odums pleaded guilty to sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1951 (2012). The district court sentenced Odums to 480 months of imprisonment and he now appeals. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether ineffective assistance of counsel conclusively appears on the record. Odums has filed a pro se supplemental brief raising additional issues. The Government, however, has moved to dismiss the appeal based on the waiver of appellate rights contained in the plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. *Id.* Whether a defendant validly waived his right to appeal is a question of law that we review de novo. *Id.* at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11

2

colloquy, the waiver is both valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

Moreover, the purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. *See United States v. Vonn*, 535 U.S. 55, 58 (2002). Accordingly, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. *Id.*; *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991).

We have thoroughly reviewed the record and conclude that the district court fully complied with the requirements of Rule 11. We further conclude that Odums voluntarily pleaded guilty and that his waiver of his appellate rights was knowing and intelligent. The appellate waiver included Odums' right to appeal his conviction and any sentence within the statutory maximum on any ground other than ineffective assistance of counsel. Here, we have concluded that Odums' guilty plea was knowing and voluntary, and the district court sentenced Odums within the statutory range. The challenges to his sentence that Odums seeks to raise in his pro se supplemental brief are, therefore, waived.

Odums and counsel, however, also raise the issue of ineffective assistance of counsel. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the

3

second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Moreover, we may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). We have thoroughly reviewed the record and conclude that ineffective assistance of counsel does not appear on the face of the record. Therefore, Odums' claims should not be addressed at this time.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm in part and grant the Government's motion to dismiss in part. We also deny counsel's motion to withdraw. This court requires that counsel inform Odums, in writing, of the right to petition the Supreme Court of the United States for further review. If Odums requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Odums. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED IN PART*,
*DISMISSED IN PART*

4